```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

SUSAN ANDERSON,                )
                               )
        Plaintiff,             )
                               )
        v.                     )    C.A. No. 18-12649-WGY
                               )
DALE MEDICAL PRODUCTS INC., et )
al.,                           )
                               )
        Defendants.            )
```

## ORDER

**July 24, 2019**

YOUNG, D.J.

Upon reviewing the Amended Complaint, the Court has determined that the pleading fails to state a claim upon which relief may be granted.

As the Court explained in its June 14, 2019 memorandum and order (ECF No. 7), a complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (internal quotation marks omitted)).

Like the original Complaint, the Amended Complaint does not contain sufficient factual material from which the Court can reasonably infer that the defendants are liable to Plaintiff. Plaintiff's allegations are largely conclusory and lack the level of detail necessary to give the defendants sufficient notice of the claims against them. Any non-conclusory allegations do not present more than a "sheer possibility" that the defendants acted unlawfully.

Accordingly, the Court orders that this action be DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE